UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 11-00873-DMG (OPx) | Date | January 23, 2012 |
|---|---|---|---|

| Title | *Wells Fargo Bank NA v. Vicente Echeverria* | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS – ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO RIVERSIDE COUNTY SUPERIOR COURT**

On November 19, 2010, Plaintiff Wells Fargo Bank, NA ("Wells Fargo") filed a complaint in Riverside County Superior Court against Defendant Vicente Echeverria and Doe defendants 1 to 10 for unlawful detainer.  Wells Fargo seeks possession of real property and restitution for Plaintiff's use and occupancy of the property in the amount of $70 per day starting on November 7, 2010.  (Compl. at 4.)  Wells Fargo demands less than $10,000 in damages.  (*Id*. at 1.)

Defendant removed this case to federal court on June 6, 2011 asserting jurisdiction based on federal question, diversity of citizenship, and 28 U.S.C. § 1443(1).  Since that time, there has been no activity in this case.

**I.      FEDERAL QUESTION JURISDICTION**

The complaint for unlawful detainer raises no federal question.  Defendant, by asserting there is federal question jurisdiction based on (1) an allegedly forged notary text in a substitution of trustee form, (2) use of the U.S. mails, and (3) receipt of government bailout money by the banks (Notice of Removal ¶¶ 11, 13.), invokes federal law as an apparent defense.  It is axiomatic, however, that federal jurisdiction cannot rest upon an actual or anticipated defense. *See Vaden v. Discover Bank*, 556 U.S. 49, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009).

**II.     DIVERSITY OF CITIZENSHIP**

The face of the complaint reveals that Wells Fargo seeks less than $75,000, the minimum amount required for jurisdiction based on diversity of citizenship.  *See* 28 U.S.C. § 1332(a). Defendant nonetheless asserts that the amount in controversy meets the $75,000 threshold

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-00873-DMG (OPx)** | Date | January 23, 2012 |
|---|---|---|---|

| Title | *Wells Fargo Bank NA v. Vicente Echeverria* | Page | 2 of 4 |
|---|---|---|---|

because the value of property at issue should be considered as the amount in controversy. (Notice of Removal ¶ 8.)

In support of his position, Defendant relies on a student-written law review article from 1958—the year in which Congress raised the jurisdictional amount—for both diversity and federal question cases—from $3,000 to $10,000.[1]  *See* Ralph J. Moore, Jr., Comment, *Federal Jurisdiction: Amount in Controversy in Suits for Nonmonetary Remedies*, 46 Cal. L. Rev. 601, 604 & n.35 (1958).  Moore surveys the uncertainty in the law over how to calculate the amount in controversy for cases involving nonmonetary relief—whether from the damage to the plaintiff if relief is not granted, the damage to the defendant if relief is granted, or whichever amount is greater.

Fortunately, this question has been settled in the Ninth Circuit since 1944.  In cases involving a single plaintiff and single defendant, courts follow the "either viewpoint" rule:

> [T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce.  *See Ridder Bros. Inc., v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944) (holding that for purposes of calculating amount in controversy, "[t]he value of the thing sought to be accomplished by the action may relate to either or any party to the action") (internal quotation omitted).  In other words, where the value of a plaintiff's potential recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes.

*In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

Here, the complaint asserts that the cost to Wells Fargo if it does not recover possession of the property is $70 per day.  If, on the other hand, Wells Fargo does recover possession, there is no reason to suspect that the cost to Defendant of renting a comparable place of abode would be materially greater than $70 per day.  Defendant's argument about the value of the property is spurious; this lawsuit does not involve the property's *title*.  The complaint assumes title rests properly with Plaintiff.  (*See* Compl. ¶ 5 ("Plaintiffs [sic] are the true owners and entitled to possession of the subject property.").)  While Defendant may intend to dispute the validity of

---

[1] Federal question jurisdiction no longer requires a minimum amount in controversy.  *Compare* 28 U.S.C. § 1331 (1958) ("The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."), *with* 28 U.S.C. § 1331 (2011) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-00873-DMG (OPx)** | Date | January 23, 2012 |
|---|---|---|---|

| Title | *Wells Fargo Bank NA v. Vicente Echeverria* | Page | 3 of 4 |
|---|---|---|---|

Plaintiff's claim to title, as already noted above, federal jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden*, 129 S.Ct. at 1272.

Therefore, the property's rental value is the proper measure of pecuniary loss to either party. As such, the amount in controversy in this case appears well below the jurisdictional minimum.

Even if that were not the case, there is a more fundamental obstacle to diversity jurisdiction here. It appears that both Plaintiff and Defendant are citizens of the State of California. According to the complaint, Defendant resides in Riverside County, California, at the property that is the subject of the unlawful detainer action. (Compl. at 1.) Defendant does not dispute and, in fact, asserts his rights as a member of the class of unlawful detainer defendants in Riverside County, California. (Notice of Removal ¶ 32.) Defendant asserts there is diversity jurisdiction because Plaintiff Wells Fargo is a Minnesota company and, therefore, a citizen of another state. (Notice of Removal ¶ 17.) However, on January 13, 2012, this Court issued a decision in *Rouse v. Wachovia Mortgage*, CV 11-928-DMG [Doc. # 43], in which it found that because Wells Fargo's principal place of business is in California, it is a citizen of the State of California.

### III.   28 U.S.C. § 1443(1)

As an alternative basis for removal, Defendant invokes 28 U.S.C. § 1443(1), which permits a defendant to remove an action "[a]gainst any person who is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." (*See* Notice of Removal ¶ 27.)

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92, 794-804, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (citations and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 11-00873-DMG (OPx)** | Date | January 23, 2012 |
|---|---|---|---|
| Title | *Wells Fargo Bank NA v. Vicente Echeverria* | Page | 4 of 4 |

     Defendant appears to contend that the foreclosure statutes as applied in the Superior Courts of Riverside County deny both equal protection and due process of law to the class of defendants in unlawful detainer proceedings "following constitutionally intolerable non-judicial foreclosures." (Notice of Removal ¶¶ 22, 32.) Defendant does not specify how the equal protection or due process rights are being violated, other than stating that (1) it is almost impossible to raise an effective defense (Notice of Removal ¶ 24) and (2) respondents always lose in Riverside County unlawful detainer proceedings (Notice of Removal ¶ 39.), nor does defendant contend that the equal protection or due process violations constitute or result in racial discrimination. As such, because the phrase "any law providing for the equal civil rights" as used in § 1443(1) has been "construed to mean any law providing for specific civil rights stated in terms of racial equality" (*Georgia v. Rachel,* 384 U.S. at 792), § 1443(a) does not provide a basis for removal.

     Accordingly, Defendant is **ORDERED TO SHOW CAUSE** in writing by **January 30, 2012** why this action should not be remanded to Riverside County Superior Court. Failure to file a timely and satisfactory response shall result in the remand of this action to state court. Plaintiff shall file a status report by **January 30, 2012** as to whether it intends to prosecute this action.

     **IT IS SO ORDERED.**