UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 11-00873-DMG (OPx) | Date | February 23, 2012 |
| Title | *Wells Fargo Bank, N.A. v. Vicente Echeverria, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT**

On January 23, 2012, the Court ordered Defendant Vicente Echeverria to show cause ("OSC") why this action should not be remanded to state court for lack of subject matter jurisdiction. Echeverria's response was due on January 30, 2012. As of the date of this Order, he has not filed any response.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

Echeverria removed the action to this Court on the basis of federal question and diversity jurisdiction. The complaint, however, raises no federal question. Rather, Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") asserts a single claim for unlawful detainer. Wells Fargo seeks possession of real property and restitution for Plaintiff's use and occupancy of the property in the amount of $70 per day, starting on November 7, 2010. (Compl. at 4.) In addition, the face of the complaint reveals that Wells Fargo seeks less than $10,000 in damages (*id.* at 1), substantially less than $75,000, the minimum amount required for jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). Moreover, in light of this Court's decision in *Rouse v. Wells Fargo Bank, N.A.*, Case No. CV 11-928-DMG (DTBx), 2012 WL 174206 (C.D. Cal. Jan. 13, 2012), the Court finds that there is not complete diversity between the parties. Finally, as set forth in the OSC, 28 U.S.C. § 1443(a) does not provide a basis for removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 11-00873-DMG (OPx) | Date | February 23, 2012 |
|---|---|---|---|
| Title | *Wells Fargo Bank, N.A. v. Vicente Echeverria, et al.* | Page | 2 of 2 |

    The Court finds no basis for subject matter jurisdiction in this case.  Accordingly, this action is hereby **REMANDED** to Riverside County Superior Court.

**IT IS SO ORDERED.**